UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANKI MARIN TABARES,

Petitioner,

v.

KEVIN RAYCRAFT et al.,

Respondents.

Case No. 1:26-cv-3143

Honorable Jane M. Beckering

# OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

### I. Procedural History

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.1, 6.) In an order entered on November 5, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus

should not be granted. (Order, ECF No. 4.) Respondents filed their response and a recording of the November 2, 2026, bond hearing on November 10, 2026, (Resp., ECF No. 5; Recording of Nov. 2, 2026, Bond Hearing, filed on Nov. 10, 2026). Petitioner filed a reply on November 16, 2026, (ECF No. 6), and a corrected reply on November 17, 2026. (ECF No. 8.)

## II. Relevant Factual Background

Petitioner is a citizen of Columbia who entered the United States in 2022. Op., *Marin Tabares v. Raycraft* (*Marin Tabares I*), No. 1:26-cv-2865 (W.D. Mich. Oct. 21, 2026), (ECF No. 5).

On October 6, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Marin Tabares I*. Pet., *Marin Tabares I*, (ECF No. 1). In *Marin Tabares I*, the Court dismissed Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice for failure to exhaust administrative remedies, finding that exhaustion would not be futile in light of Respondents' concession that they would afford Petitioner a custody redetermination hearing upon request, pursuant to the Sixth Circuit's decision in *Lopez-Campos*. Op. & Jud., *Marin Tabares I* (W.D. Mich. Oct. 21, 2026) (ECF Nos. 5, 6).

On November 2, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Immigration Judge Order, ECF No. 5-2, PageID.35.) At the conclusion of the November 2, 2026, hearing, the immigration judge denied Petitioner's request for bond because Petitioner "has not established he does not present a flight risk. [Petitioner] entered the U.S. illegally in 2022. [Petitioner] has limited community ties of short duration. [Petitioner] has known his bond sponsor for a short period of time. [Petitioner]'s Form I-589 application is speculative." (*Id.*) During the hearing, the immigration judge stated to Petitioner's counsel: "Counsel, Respondent's [i.e., Petitioner in the present action's] burden. What would you like to highlight for me?" (Recording of Nov. 2, 2026, Bond Hearing, at 2:34–2:37, filed on Nov. 10, 2026.)

**III. Analysis**

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**IV. Other Claims and Other Forms of Relief**

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

**Conclusion**

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or

denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated: November 17, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge